N. B.
The defendant supported his title under a decree of the court of chancery, established by act of assembly;[1] the decree was made two months after the act was repealed by the King and Council, but six weeks before we had notice of it.
The Court gave it in charge to the jury, that the act was not repealed, till notification here f and the jury were of the same opinion, by finding a verdict for the defendant, (a)

а) In Morgan v. Stell (5 Binn. 318), Judge Yeates has given a fuller account of this case, which is subjoined. “ A case occurred in this court, a few years after I had commenced the study of the law, involving principles similar to those which form the subject of our present inquiry, and made a strong impression on my mind. It is briefly reported in 1 Dall. 9, and was in substance thus: Benjamin Albertson, claiming certain lands, by descent, in Bucks county, brought an ejectment against Septimus Robeson for their recovery. The title of the lands was clearly shown to have been, at one time, in the ancestor of the lessor of the plaintiff; but at a subsequent period, the lands were decreed to the defendant by this court, in pursuance of certain chancery powers delegated to them by an old act of assembly. The royal assent was refused to this law,' in England, and it so happened, that the repeal preceded the decree of the court above two months, but the repeal was not known here, when the decree was made. The court determined, upon full argument, that the unknown repeal could not affect the right of the defendant, under the decree, and the jury found accordingly.[2] I well recollect that the decision gave general satisfaction to the profession.” See also 4 Yeates 392. 1 W. C. C. 84.

 Act 20 May 1718 (1 Geo. I. ch. 13), which was repealed by the King and Council, in 1719. P. L. 126; Old Province Laws, 359.

 People v. Trinity Church, 22 N. Y. 44.